UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MADERA, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00069-DAD-EPG<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

Plaintiff Cornel Jackson is an inmate currently confined at the Madera County Jail and is proceeding *pro se* in this lawsuit filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed his complaint on January 18, 2022.

On the same date, Plaintiff filed a motion to appoint counsel, arguing that appointment of counsel is warranted because he is unable to afford counsel; because the issues involved in this case are extremely complex and his imprisonment will greatly limit his ability to litigate; because the Madera County Jail's Research Program is inadequate and refuses to provide him with legal supplies, such as photocopies; because jail staff have interfered with his mail in the past, and because appointment of counsel would help him prove his innocence in a pending state criminal case. (ECF No. 3).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order the appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it so far appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint counsel (ECF No. 3) is denied without prejudice.

IT IS SO ORDERED.

Dated:   **January 24, 2022**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE