UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF MADERA, et al.,<br><br>            Defendants. | Case No. 1:22-cv-00069-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>(ECF Nos. 1, 4) |

Plaintiff Cornel Jackson is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1, 6). The complaint, filed on January 18, 2022, generally alleges that an "unlawful plot" exists among Defendants to maliciously convict him in his pending state court criminal case.[1] (ECF No. 1, p. 7). And Plaintiff's motion for preliminary injunction, *see* Fed. R. Civ. P. 65, seeks to enjoin his state court prosecution. (ECF No. 4).

The Court concludes that the complaint fails to state any cognizable claims that can proceed at this time, in light of the ongoing state criminal proceedings. Plaintiff primarily challenges the evidence being used against him and asks for the Court to intervene in his criminal proceedings. However, under settled federal law, this Court will generally not intervene in a

---

[1] Minor alterations, such as changing capitalization and correcting misspellings, have been made to quote portions of Plaintiff's complaint without indicating each alteration.

pending state court proceeding. Plaintiff must challenge the evidence used against him in that state proceeding, and, if found guilty, on appeal. Additionally, his claim of malicious prosecution fails to state a claim because he cannot allege that the case was terminated in his favor, and because he does not allege the additional element for a federal claim that the motive of the prosecution was to prevent Plaintiff's exercise of constitutional rights.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by pretrial detainees or prisoners seeking relief against a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a) (requiring court to review civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"); § 1915A(c) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. (ECF No. 6). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's complaint concerns his current criminal charges in state court related to the death of a child. Plaintiff claims that sixty-two different Defendants are violating his rights by improperly prosecuting him for these crimes. The Defendants include board members for the county of Madera, numerous police officers in the Chowchilla police department, medical examiners for Madera County, numerous deputies at the Madera County Sheriff's office, the District Attorney and Assistant District Attorneys of the County of Madera, numerous superior court judges, shorthand reporters for the Madera courthouse, social workers at the department of social services, attorneys, private investigators, correctional officers, witnesses, and media agencies.

Plaintiff begins his statement of facts as follows:

> Plaintiff states that this court is the proper court for relief in this matter as presented that deals with state officials knowingly and intentionally depriving him of countless constitutional rights as well as officials willingly engaging in criminal acts to frame him of a capital crime that the counsel for the state knows or should have known of the falsity of the charges and the described serious infringements in this document shows the proven harassment or a malicious prosecution undertaken by state officials in bad faith in hopes of obtaining a valid conviction.

(ECF No. 1, at pp. 7-8). Plaintiff then claims that all Defendants acted with "moral turpitude, malfeasance, and/or non-feasance intentionally to the furtherance of an unlawful plot, and deprivation of the Plaintiff's civil and constitutional rights." (*Id.* at 8). Plaintiff alleges that the County of Madera was previously sued for the wrongful death of a female minor. As a result, the County of Madera encourages law enforcement agencies and prosecution to "create a practice of enforcing a[n] underground criminal method of behavior," to cover up Madera County's own negligence. (*Id.* at 8-9). This criminal behavior includes making a false narrative, attempting to

obtain an invalid conviction. All Madera County Superior Court judges further this practice by refusing to discharge their duties. The public defenders fail to litigate malicious prosecution.

Plaintiff asks for an injunction against use of evidence in his pending criminal case because it was "direct fruits from the poisonous and flagrant official misconduct, which clearly meets the extraordinary circumstances triggering and warranting federal intervention in his state prosecution." (*Id.* at 10). Plaintiff claims that "the exercise of due diligence the evidence undermines the prosecution's entire case," entitling him to injunctive relief. (*Id.*).

Plaintiff claims his "First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were continually and knowingly violated by sworn state officials," including falsifying and editing evidence, police misconduct, prosecuting on contradictions and insufficient evidence, coercing witnesses through fear, encouraging criminal acts of mayhem, fabricating injuries, suborning perjury, among other actions. (*Id.*). Plaintiff claims that his own criminal counsel fails to exercise diligence and skill and thus has performed deficiently.

At times, Plaintiff reviews certain state court evidence and explains the flaws in the prosecution's case. For example, he claims that the prosecution's key witness reported that he began CPR on the deceased child who made a garbling noise and then stopped breathing. Plaintiff claims that an audio recorded statement from this witness shows that the death was accidental. Plaintiff reviews certain statements from the investigator and firefighter to argue that the death was accidental. Plaintiff also alleges that media stations contributed to a false narrative in saying that he was a suspect. Plaintiff claims he was arrested without probable cause and challenges a search warrant application, which Plaintiff claims was used to frame him. Plaintiff claims that he was given the Miranda warnings while he was asleep. Plaintiff recounts his statements to the police and explains why they show that the death was accidental or due to someone else's misconduct. Plaintiff claims that the child had been in the care and custody of a number of people. Plaintiff explains how he came to be caring for the child at the time. Plaintiff recounts several questions and answers given to investigators. Plaintiff argues that the child's injuries occurred before he was caring for the child.

Plaintiff claims that "all the branches of law were adjunct (MPD), (CPS), (CPD), (MSO), and the (DA)" and all encouraged these practices "to engage in any level of moral turpitude

4

intentionally to the furtherance of the conspiracy to accomplish the cover-up of accountability and successfully frame the Plaintiff for a fraudulent crime." (ECF No. 1, at p. 13).

Plaintiff also alleges that Defendant Hill held a news conference with various media outlets, who are also Defendants, including KC-24, FOX-26, ABC-30, CBS-47, without any facts resulting from examination, and they broadcasted a false narrative.

Plaintiff claims that various Defendants encouraged correctional officers at his facility to investigate him and subject him to atypical and significant hardships in order to assist the malicious prosecution.

Additionally, Defendant doctors were contracted to perform an autopsy on the child at the coroner's office. They "found facts that could not be fixed and put the questions back on the []elected officials." (*Id.* at 16). Plaintiff argues that if you took a closer look at the documented injuries, based on photographs that are now suppressed, you can tell the injuries were old and were healing and not the cause of death.

Plaintiff also claims that Defendant Ortega improperly administered CPR to the child's left lung, which was documented as bleeding from cut surfaces. Also, the child had water in his lungs, which was consistent with near drowning. Plaintiff accuses Defendant Mark Super of "a criminal act of mayhem" by inflicting and fabricating existing injuries to support a false narrative of torture. (*Id.* at 17). Plaintiff argues that the true facts from the autopsy would point to his innocence. However, there was a conspiracy to cause Defendants to refrain from properly performing the autopsy so that the cause of death would be officially pending and could be withheld. Plaintiff also argues that Defendant Ortega's statements were changing at every interview, which has bearing on his credibility. Furthermore, the child's brain and eyes were sent to Defendant Omalu for forensic neuropathology and forensic ophthalmology research.

Plaintiff then reviews the statements by a material witness, who appears to be Plaintiff's son, including various parts of the recording which call into question the witness's statement.

Plaintiff's complaint is lengthy and continues to question the evidence and actions of various witnesses in connection with his pending criminal case and detention.

Plaintiff requests a declaration that "the acts and omissions described herein violate his rights under the constitution and laws of the United States," and for a preliminary and permanent

injunction ordering Defendants Sally Moreno [the Madera District Attorney] and other Defendants" to cease their malicious prosecution and judicial misconduct in furtherance of Madera County's conspiracy. (*Id.* at 30).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of*

6

*Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. *Younger* Abstention

Plaintiff's complaint primarily contests the prosecution's case against him in a pending criminal case and asks this Court to enjoin them from prosecuting Plaintiff. Accordingly, the Court first looks at the law regarding requests for injunctions related to ongoing proceedings.

Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called "*Younger* abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("[T]he underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions . . . ."). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, internal quotation marks and citation omitted); *accord Trump v. Vance*, 140 S. Ct. 2412, 2420 (2020) (noting *Younger* "generally precludes federal courts from intervening in ongoing state criminal prosecutions").

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, internal quotation marks, and citation omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (stating that, when abstaining under *Younger*, "a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief") (internal citation omitted). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Lastly, "[f]ederal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (internal quotation marks and citation omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

Here, this case falls squarely withing *Younger* because Plaintiff is asking for an injunction to stop the pending criminal prosecution against him. First, there are ongoing state court criminal proceedings against Plaintiff that he seeks to enjoin. Second, the state proceedings implicate important state interests in conducting criminal matters unimpeded. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *Mackey v. Montrym*, 443 U.S. 1, 17 (1979) (finding that a state has a "paramount interest . . . in preserving the safety of its public highways").

Third, Plaintiff has an adequate opportunity to raise his federal claims in the state proceedings, such as by challenging the admission of evidence in his criminal proceedings. Notably, "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Communications Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate").  No such procedural bars are alleged in the complaint.

Finally, Plaintiff has not alleged any extraordinary circumstances or irreparable injury

which would warrant a deviation from *Younger* abstention. While he generally alleges "harassment" and "bad faith" regarding his prosecution, such conclusory allegations are not enough. (ECF No. 9, p. 1); *see Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 937 (E.D. Cal. 2021) ("Evidence of bad-faith harassment must be more than multiple prosecutions, must be more than conclusory statements about motive, must be more than a weak claim of selective prosecution, and must be more than the prosecution of close cases.") (quoting *Kihagi v. Francisco*, No. 15-CV-01168-KAW, 2016 WL 5682575, at *4 (N.D. Cal. Oct. 3, 2016)).

In conclusion, Plaintiff cannot obtain an injunction against the current criminal proceeding through this § 1983 case. Plaintiff is facing serious criminal charges in state court. As Plaintiff recites at length, that criminal state court is ruling on evidentiary issues as they arise. Plaintiff may challenge these evidentiary issues in state court, and if convicted, on appeal. He and/or his lawyer may cross-examine witnesses at trial regarding their alleged contradictions and opposing evidence. But this § 1983 case is not a vehicle to stop that state prosecution.

### C.    Malicious Prosecution

Plaintiff's complaint also requests damages. To the extent Plaintiff stated a viable constitutional claim seeking damages, this Court should stay any such claims pending the criminal proceedings, including appellate proceedings. *See Huffman v. Pursue*, *Ltd.*, 420 U.S. 592, 608 (1975) ("For regardless of when the Court of Common Pleas' judgment became final, we believe that a necessary concomitant of Younger is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in Younger."); *Jones v. Shafer*, No. 1:07-CV-01498-OWW-DLB-PC, 2010 WL 546155, at *3 (E.D. Cal. Feb. 10, 2010) (ordering dismissal of claims for injunctive and declaratory relief under *Younger* and stay of claims for monetary damages); *Peyton v. Burdick*, No. 1:07-CV-00453-LJO-TAG, 2008 WL 1776450, at *6 (E.D. Cal. Apr. 18, 2008) (recommending dismissal without prejudice of claims for injunctive and declaratory relief under *Younger*, and recommending stay of claims for monetary damages).

Although Plaintiff lists many constitutional rights generally, such as "the First, Fifth, Eighth, and Fourteenth Amendments," and claims Defendants are "depriving him of countless

constitutional rights," his main claim (beyond arguing that he is innocent of the charges based on the correct evidence) is that he is being wrongly prosecuted as a result of a conspiracy against him. (ECF No. 1, at p. 7 ("The described serious infringements in this document shows the proven harassment or a malicious prosecution undertaken by state officials in bad faith without hopes of obtaining a valid conviction.").

As the Ninth Circuit explained:

> To claim malicious prosecution, a petitioner must allege "that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995); *see also Blaxland v. Commonwealth Dir. of Pub. Prosecutions,* 323 F.3d 1198, 1204 (9th Cir.2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). It requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653 (1977). In general, a claim of malicious prosecution is not cognizable under § 1983 "if process is available within the state judicial systems" to provide a remedy, although "we have also held that an exception exists . . . when a malicious prosecution is conducted with the intent to . . . subject a person to a denial of constitutional rights." *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir.1985) (en banc).

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (footnote omitted). These standards were also explained in a case in this district as follows:

> A malicious prosecution claim under § 1983 is based on state law elements. *See Usher,* 828 F.2d at 562. In California, the malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Villa v. Cole,* 4 Cal.App.4th 1327, 1335, 6 Cal.Rptr.2d 644 (1992); *Sagonowsky v. More,* 64 Cal.App.4th 122, 128, 75 Cal.Rptr.2d 118 (1998). If a plaintiff cannot establish any one of these three elements, his malicious prosecution action will fail. *StaffPro, Inc. v. Elite Show Services, Inc.,* 136 Cal.App.4th 1392, 1398, 39 Cal.Rptr.3d 682 (2006).
>
> With respect to the element of favorable termination, this element "requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." *Pattiz v. Minye,* 61 Cal.App.4th 822, 826, 71 Cal.Rptr.2d 802 (1998). A termination is "not necessarily favorable simply because the party prevailed in the prior proceeding; the termination must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged against him." *Sagonowsky,* 64 Cal.App.4th at 128, 75 Cal.Rptr.2d 118. "If the resolution of the underlying action leaves some doubt

>concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution." *Pattiz,* 61 Cal.App.4th at 826, 71 Cal.Rptr.2d 802. "'It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor.'" *Sagonowsky,* 64 Cal.App.4th at 128, 75 Cal.Rptr.2d 118; *see Awabdy v. City of Adelanto,* 368 F.3d 1062, 1068 (9th Cir.2004) (an individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. A dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant.). "Favorable termination 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.'" *StaffPro,* 136 Cal.App.4th at 1400, 39 Cal.Rptr.3d 682. The element of favorable termination in a malicious prosecution action is a legal question for the court to decide. *Id.* at 1398, 39 Cal.Rptr.3d 682.

*Womack v. Cty. of Amador*, 551 F. Supp. 2d 1017, 1031-32 (E.D. Cal. 2008).

Plaintiff's complaint fails to state a claim for malicious prosecution under these standards. First, Plaintiff has not alleged that his case was terminated favorably to him. On the contrary, he is asking for an injunction to intervene in his pending criminal proceedings.

Plaintiff also has not alleged that the intent of the prosecution was to deny him constitutional rights. Instead, Plaintiff has alleged that the sixty-two Defendants acted to prosecute him "to frame the Plaintiff of a crime to clear the County's accountability." (ECF No. 1, at p. 8). Plaintiff alleges that Madera County was sued for the wrongful death of a female minor, which was based on negligence. After Madera County was successfully sued, Madera County sought to prosecute him (either to distract for its own culpability or to demonstrate their diligence—it is not clear). While such a motive could be sufficient to state a claim under California law, it is not sufficient to state a claim under Federal § 1983 law.

## IV.     CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends dismissing Plaintiff's case. The Court also does not recommend giving leave to amend. Plaintiff's complaint is directed at his ongoing state case, including the motives behind the Madera County prosecutors bringing that case and the evidence being used against him. Under the *Younger* abstention doctrine, Courts should not intervene to stop an ongoing state prosecution. Moreover, Plaintiff cannot allege malicious prosecution under federal law because the case has not been terminated in his favor.

11

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction (ECF No. 4) be denied.
2. Plaintiff's complaint be dismissed.[2]
3. The Clerk of the Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 6, 2022**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] This dismissal is with prejudice except insofar as it does not bar Plaintiff from refiling a claim for malicious prosecution if his criminal case is terminated in his favor.